UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STEVE MAURO and MMM FOREX INC,**

        **Plaintiffs,**

v.                                                                                          Case No:  6:12-cv-1333-Orl-22TBS

**ZEN J. ALLDREDGE and KANIN ALLDREDGE,**

        **Defendants.**
_____/

**ORDER**

This cause comes before the Court on Defendants Zen J. Alldredge and Kanin Alldredge's ("Defendants") Motion to Dismiss for Insufficient Service of Process and for Failure to State a Cause of Action, and Alternatively, Motion for a More Definite Statement, and Incorporated Memorandum of Law (Doc. No. 9), and Plaintiffs Steve Mauro and MMM Forex, Inc.'s ("Plaintiffs") response thereto (Doc. No. 15).[1]

Defendants request the Court to dismiss Plaintiffs' Complaint for insufficient service of process because Plaintiffs allegedly failed to comply with *Federal Rule of Civil Procedure* 4(e). Under Rule 4(e), Plaintiffs may effect service pursuant to Florida law or by delivering personally a copy to the individual, by leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy to an agent authorized by appointment or by law to receive service of process. Defendants claim that

---

[1] Defendants cite Rule 12(b)(4) as the basis for their motion to dismiss for insufficient service of process. The Court concludes that this must be a scrivener's error and that Defendants intended to cite Rule 12(b)(5).

by serving a mail clerk at the business address of the Defendants, a FedEx mailbox store, Plaintiff failed to effect sufficient service of process.

Plaintiffs counter that their search of the public records revealed three addresses for the Defendants:

1. 607 Nadina Place, Kissimmee, FL 34747 ("Nadine Place")

2. 484 S. Goodman Road, Kissimmee, FL 34747 ("Goodman Road")

3. 600 Celebration Avenue, Suite 170, Kissimmee, FL 34747 ("FedEx Mailbox Store")

When Plaintiff attempted service at Nadina Place, they discovered the property to be vacant with nothing inside and a "For Sale" sign in the yard. (Doc. No. 15 at p. 2). At Goodman Road, Plaintiffs found that the property was subject to a "Lender Foreclosure" in which the first lender took title to the property and subsequently sold the property to another buyer. *Id.* After these two attempts, Plaintiffs effected service at the FedEx Mailbox Store at which they confirmed with the manager that the Defendants maintained an active box. *Id.* at p. 3. Plaintiffs argue that such service conforms to Section 48.031(6) of the *Florida Statutes*[2] because the only address at which service could be effected was at the private mailbox at the FedEx Mailbox Store.[3]  *Id.*

---

[2] In their response to Defendants' motion to dismiss, Plaintiffs incorrectly cite this statute as Section 48.031(b).

[3] Section 48.031(6) provides:

> If the only address for a person to be served, which is discoverable through public records, is a private mailbox, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, but only if the process server determines that the person to be served maintains a mailbox at that location.

Fla. Stat. § 48.031(6) (2012).

In *Beckley v. Best Restorations, Inc.*, Florida's Fourth District Court of Appeal addressed a similar factual scenario. *Beckley*, 13 So. 3d 125 (Fla. 4th DCA 2009). In *Beckley*, the plaintiff brought an action against homeowners to seek payment for restoration work and repairs at the defendants' Deerfield Beach, Florida home. Using a private investigator, the plaintiff discovered defendants owned a home in Knoxville, Tennessee and a private mailbox at a UPS store in Sevierville, Tennessee, in addition to the Deerfield Beach residence. *Id* at 125-26. After twice failing to effect service at the Deerfield Beach address, which was vacant and up for sale, and once at the Knoxville address, the plaintiff effected service at the defendants' private mailbox at the UPS store in Sevierville. *Id.* at 126.

When the defendants challenged plaintiff's service, the Court held, "The plain language of the statute leads us to conclude that substitute service on the Defendants pursuant to section 48.013(6) . . . is limited to those instances where the only address discoverable through the public records to effect service is a private mailbox maintained by the party to be served." *Id.* (citations omitted). Therefore, the court concluded that service under § 48.031(6) was not appropriate since plaintiff did not prove that the only address for defendants, which was discoverable through public records, was a private mailbox. *Id.*

In the present case, Plaintiffs have also failed to prove that the only address for the Defendants, which was discoverable through public records, was the private mailbox at the FedEx Store. Therefore, Defendants' motion to dismiss for insufficient service of process is granted. Thus, the Court will not address Defendants' motion to dismiss based on Rule 12(b)(6) or Defendants' motion for more definite statement.

The Court notes that in their motion to dismiss, Defendants attached affidavits in which they attest that they reside in Windermere, Florida without providing physical addresses. (Doc.

No. 10). The Court reminds Defendants' counsel of Local Rule 2.04(h), which states, "Attorneys and litigants should conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay." M.D. Fla. R. 2.04(h). Therefore, the parties shall confer regarding the Defendants' proper addresses for service.

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. Defendants' Motion to Dismiss for Insufficient Service of Process and for Failure to State a Cause of Action, and Alternatively, Motion for a More Definite Statement, and Incorporated Memorandum of Law (Doc. No. 9), is **GRANTED** to the extent provided in this Order on the basis of Rule 12(b)(5).

2. Plaintiffs' Complaint (Doc. No. 1) is **DISMISSED without prejudice**.

3. Defendants' Request for Oral Argument (Doc. No. 16) is **DENIED as moot**.

4. By December 17, 2012, the Defendants **SHALL PROVIDE** Plaintiffs proper addresses for service of Plaintiffs' Complaint.

**DONE** and **ORDERED** in Orlando, Florida on December 11, 2012.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties